**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


Robert Ewell Thomas,
Petitioner Below, Petitioner

**vs.) No. 20-0844** (Marion County 2020-C-75)

Donnie Ames, Superintendent, Mt. Olive
Correctional Complex,
Respondent Below, Respondent


**MEMORANDUM DECISION**


Petitioner was previously convicted of various sex crimes. This Court affirmed his convictions and sentences in his direct appeal. Subsequent to that decision, petitioner filed the underlying petition for a writ of habeas corpus, which the circuit court summarily denied and dismissed on September 2, 2020. Petitioner now appeals the court's denial of his habeas petition,[1] raising four assignments of error, which we review under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In petitioner's first assignment of error, he claims that the counts of his indictment charging him with sexual abuse by a custodian were defective because they failed to allege that his age exceeded that of his victim by at least four years. *See* W. Va. Code § 61-8D-5(d) ("The provisions of this section shall not apply to a custodian . . . whose age exceeds the age of the child by less than four years."). He also argues that the alleged defect in the indictment was not cured by the jury instructions. This Court resolved an identical challenge in *Mitchell M. v. Ballard*, No. 16-0885, 2017 WL 3643030 (W. Va. Aug. 25, 2017)(memorandum decision), holding that "the indictment did not need to include West Virginia Code § 61-8D-5(d)'s language because it is a

---

[1] Petitioner is self-represented. Respondent appears by counsel Patrick Morrisey and Lara K. Bissett.

1

limitation on West Virginia Code § 61-8D-5(a)'s scope rather than an element of the offense." *Id.* at *4. Accordingly, the circuit court did not err in denying habeas relief on this ground.

In petitioner's second assignment of error, he argues that West Virginia Code § 61-8D-5, criminalizing sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child, is an unlawful bill of attainder because the State is not required to prove lack of consent in obtaining a conviction for that crime, whereas that is an element of proof for other sex offenses. He further asserts that the legislature intended that lack of consent be a required element of all sex offenses, including West Virginia Code § 61-8D-5.

We observe initially that although West Virginia Code § 61-8B-2(a) specifies that "it is an element of every offense defined in this article that the sexual act was committed without the consent of the victim," "the legislature has clearly and unequivocally declared its intention that sexual abuse involving parents, custodians, or guardians, W.Va.Code, 61-8D-5, is a separate and distinct crime from general sexual offenses, W.Va.Code, 61-8B-1, *et seq.*" Syl. Pt. 9, in part, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992). So, the court correctly found that the legislature did not intend for lack of consent to be a required element of the offense criminalized in West Virginia Code § 61-8D-5, which is separate and distinct from the general sexual offenses found in Article 8B of Chapter 61. *See also* W. Va. Code § 61-8D-5(a) (criminalizing sexual abuse by a parent, guardian, custodian, or person in a position of trust "notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct").

> In determining whether a statute operates as a bill of attainder under Article III, Section 4 of the West Virginia Constitution, a functional test will be applied to determine whether the statute under challenge, viewed in terms of the type and severity of burdens imposed, can be said to further nonpunitive legislative purposes.

Syl. Pt. 6, *Baker v. Civ. Serv. Comm'n*, 161 W. Va. 666, 245 S.E.2d 908 (1978). Further, "[t]he best available evidence . . . indicates that the Bill of Attainder Clause was intended . . . as an implementation of the separation of powers, a general safeguard against legislative exercise of the judicial function, or more simply trial by legislature." *Id.* at 677, 245 S.E.2d at 914 (citation omitted). Petitioner has failed to explain how he was subject to trial by legislature or address the nonpunitive purpose the statute serves of protecting children from a type of predator to whom they are particularly vulnerable. *See also Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 471 (1977) (citation omitted) ("However expansive the prohibition against bills of attainder, it surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of Congress or the States that legislatively burdens some persons or groups but not all other plausible individuals. In short, while the Bill of Attender Clause serves as an important 'bulwark against tyranny[,]' . . . it does not do so by limiting Congress to the choice of legislating for the universe, or legislating only benefits, or not legislating at all."). The circuit court did not err in denying relief on this ground.

Third, petitioner claims that he is "rightfully governed under the mental health laws." He argues that the fact that he is not permitted to receive sex offender treatment while incarcerated until he is within five years of parole eligibility is unconstitutional, and he insists that "[i]t is time to require the State to take a serious look at 'early' treatment and rehabilitation and realistic laws."

2

Petitioner has failed to demonstrate error in the circuit court's denial of this asserted ground for habeas relief. Petitioner fails to provide citations to relevant legal authority to support his claims or explain how the provision of sex offender treatment at a time other than when he wants it is unconstitutional.

Fourth and finally, petitioner argues that trial counsel was ineffective for failing to object to the court locking the courtroom doors during his young victim's trial testimony, failing to object to the State's leading questions, and failing to file certain motions. Petitioner did not raise below the challenges to his representation he now asserts. We decline to depart from our "general rule . . . that nonjurisdictional questions not raised at the circuit court level will not be considered [for] the first time on appeal." *State v. Jessie*, 225 W. Va. 21, 27, 689 S.E.2d 21, 27 (2009).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn